■ In the Matter of ROBERT MERSON, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [637 NYS2d 53] —In this CPLR article 78 proceeding, transferred to this Court by order of the Supreme Court, New York County (Richard T. Andrias, J.), entered August 26, 1994, the petition is granted and respondent's order, dated May 26, 1994, suspending petitioner's off-premises liquor license for 40 days (20 days forthwith, 20 days deferred) plus a $1,000 bond claim forfeiture, is annulled and vacated, without costs.

Unlike the situation in 2 W. 125th Liqs. v New York State Liq. Auth. (217 AD2d 518), where there was substantial evidence, including deliveries to other retailers and receipts, which we found especially compelling, that the retail licensee knew or should have known that it was illegally selling alcoholic beverages to other retail licensees for resale, the Administrative Law Judge in this case based his finding that

petitioner had actual or imputed knowledge of the wholesale and therefore illegal nature of the transaction solely upon the fact that it sells much of its stock in case and multi-case lots to repeat customers and has at least one sales register specifically set aside for case lot sales. The inference drawn that "a five-to-ten case buyer of liquor for commercial resale need not advertise himself as such for the licensee to have knowledge—actual or imputed—of the nature of the transaction" by itself is insufficient to support a finding of a violation and ignores the fact that the Legislature has repealed former subdivision (13) of Alcoholic Beverage Control Law § 105, which had limited the quantity of alcoholic beverages allowed to be sold by an off-premises licensee on a single occasion to fifteen gallons, or five cases (L 1983, ch 819, § 4). Concur—Rosenberger, J. P., Rubin, Kupferman and Williams, JJ.